UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARN TOOCHINDA, M.D.,             No. 2:08-cv-00986-MCE-DAD

      Petitioner,

  v.                                MEMORANDUM AND ORDER

DIVISION OF CORRECTIONAL
HEALTH CARE SERVICES, et. al.,

      Respondents.

----oo0oo----

Presently before the Court is Respondent J. Clark Kelso's motion to transfer venue.[1]  Respondent Kelso was sued erroneously as Division of Health Care Services and Government Body of the Division of Correctional Services, California Department of Corrections and Rehabilitation.

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

Petitioner Charn Toochinda, M.D. ("Petitioner") is a licensed physician and surgeon.  Petitioner was previously employed as a physician and surgeon at the California Rehabilitation Center in Norco, California.  In March of 2006, the Interim Professional Practice Executive Committee, the peer review body utilized by Respondents, voted to suspend Petitioner's medical privileges.  In October of 2006, Respondents provided Petitioner with a Notice of Proposed Final Action indicating their intent to revoke Petitioner's clinical privileges.  At a hearing, a committee found that the suspension of Petitioner's privileges was warranted, but that the revocation of his privileges was not.  Petitioner received a Notice of Final Action from Respondents indicating that although they had reviewed the hearing committee's findings and recommendations, they had voted to revoke his clinical privileges.

Petitioner brought this petition for writ of mandamus in state court seeking to set aside the suspension and revocation of Petitioner's clinical privileges based on alleged violations of state statutes.  Respondent Kelso removed the action to federal court based on his appointment as the Receiver of the California prison medical care system, appointed by U.S. District Judge Thelton E. Henderson in the United States District Court for the Northern District of California in conjunction with the case Plata, et al., v. Schwarzenegger, et al. currently pending in the Northern District.

///

The original receiver was appointed on February 14, 2006, prior to both the suspension and revocation of Petitioner's clinical privileges. Respondent Kelso was appointed to replace the original receiver on January 23, 2008. The Order Appointing Receiver provides that the Receiver has the power to, *inter alia*, fire and suspend CDCR employees or contract employees who perform services related to the delivery of medical health care in California prisons. On April 25, 2007, the original Receiver filed a motion in the Plata case relating to the application of California law to the medical peer review process in the prison system. On May 23, 2008, Judge Henderson of the Northern District issued an order granting in part and denying in part the motion relating to the peer review process. Specifically, that Order allows for a waiver of state law in order to effect changes in the peer review process utilized in the California prison system. This Order is specifically on point with the allegations brought by Petitioner.

Respondent Kelso now moves to transfer this action under 28 U.S.C. § 1404(a) to the Northern District of California so that he may relate this case to the Plata case because the issues raised by the petition in this case are related to the pending motion in that case.

///
///
///
///
///
///

**STANDARD**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

The court has broad discretion in determining whether the factors enumerated in § 1404 mandate transfer under the particular circumstances present in each case. E.& J. Gallo Winery v. F.& P.S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). The purpose of section 1404 is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  Whether venue should be transferred in any given case depends on "individualized, case-by-case consideration of convenience and fairness." Id. at 622. The burden of establishing a need to transfer falls squarely on the moving party. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1980).

**ANALYSIS**

"The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." A.J. Indus., Inc., v. U.S. Dist. Ct. for Central Dist. of California, 503 F.2d 384, 389 (9th Cir. 1974).

This Court finds that, due to the similarity of issues raised by this petition and the recent Order in the <u>Plata</u> case, the interests of justice and judicial economy would be best served by transferring the case to the Northern District of California so that it may be related to the <u>Plata</u> case.

As for the convenience of the parties, the Eastern District of California and the Northern District of California are at least equally convenient. The Eastern District courthouse is located in Sacramento, California and the Northern District courthouse is located in San Francisco, California. Petitioner was employed by the California Rehabilitation Center in Norco, California. Norco is in Southern California approximately 430 miles from both Sacramento and San Francisco. Additionally, Petitioner's counsel is located in Los Angeles, California. Los Angeles is approximately 380 miles from both San Francisco and Sacramento.

Although the Court recognizes that a plaintiff's choice of forum is entitled to deference, the reasoning supporting that deference is less forceful where a court transfers a case to a neighboring district within the same state and where both the transferor and transferee districts are equidistant from the plaintiff's location.

Because the two forums are, at the very least, equally convenient and because the interests of justice and judicial economy are greatly served by the transfer of this case, Respondent's motion for transfer of venue is granted.

///
///

**CONCLUSION**

Based on the foregoing, Respondent Kelso's Motion to Transfer to the Northern District of California is GRANTED.  The Clerk of the Court is directed to transfer this case to the Northern District of California forthwith.

IT IS SO ORDERED.

Dated: September 15, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE