IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARN TOOCHINDA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DIVISION OF CORRECTIONAL HEALTH CARE SERVICES, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Respondents. | NO. C08-4448 TEH<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |

This matter comes before the Court on Respondent J. Clark Kelso's motion to dismiss. Kelso was appointed by this Court as the Receiver in *Plata v. Schwarzenegger*, Case No. C01-1351 TEH. There is no dispute that, as the Receiver, Kelso is the proper respondent in this case and was sued erroneously as the Division of Correctional Health Care Services and Governing Body of the Division of Correctional Services of the California Department of Corrections and Rehabilitation ("CDCR").

The Receiver noticed his motion for hearing on January 12, 2009. However, after carefully considering the parties' arguments, the Court finds oral argument to be unnecessary.[1] The Court now GRANTS the Receiver's motion to dismiss for the reasons discussed below.

---

[1] The Court has considered Petitioner's opposition despite its filing one week after the deadline. Although Petitioner's counsel is subject to sanctions for failing to follow the Court's Local Rules, the Court has reviewed counsel's January 5, 2009 declaration and opts not to impose sanctions in this instance.

**BACKGROUND**

Petitioner Charn Toochinda was formerly employed by CDCR as a physician and surgeon at the California Rehabilitation Center in Norco, California. On March 1, 2006, the Professional Practice Executive Committee ("PPEC"), the then-existing peer review body for CDCR physicians, summarily suspended Toochinda's clinical privileges.[2] On October 13, 2006, PPEC recommended to the Governing Body that Toochinda's privileges be revoked. The Governing Body accepted that recommendation and, on October 19, 2006, issued a Notice of Proposed Final Action notifying Toochinda of the revocation of his clinical privileges.

Toochinda requested a formal hearing to contest the proposed final action. Consequently, a five-day evidentiary hearing was held in September 2007 before a committee of three physicians. The hearing was presided over by a state administrative law judge. After considering all of the evidence, the committee recommended by majority that Toochinda be permitted to retain his clinical privileges if he completed certain educational requirements and complied with other conditions. One physician on the committee disagreed with the recommendation and would have upheld the decision to revoke Toochinda's privileges. The Governing Body also disagreed with the majority's recommendation and, on December 6, 2007, issued a Notice of Final Action notifying Toochinda that his clinical privileges had been revoked.

On February 1, 2008, Toochinda filed a petition for writ of mandamus, asking that the suspension and revocation of his clinical privileges be set aside, in the California Superior Court for the County of Sacramento. The Receiver removed the case to the United States District Court for the Eastern District of California, which transferred the case to this Court on September 15, 2008.

---

[2]The then-existing peer review process is described in more detail in this Court's May 23, 2008 *Plata* Order. That order, in conjunction with the Court's July 9, 2008 *Plata* Order, modified the peer review procedures applicable to CDCR physicians.

2

1   Subsequent to Toochinda's filing of the petition, the CDCR terminated Toochinda's
2   employment. Toochinda filed an appeal of his termination on March 28, 2008, and that
3   appeal remains pending before the State Personnel Board.

**DISCUSSION**

The Receiver moves to dismiss Toochinda's petition for lack of subject matter jurisdiction. The Receiver argues that Toochinda's pending appeal of his termination renders the revocation of Toochinda's privileges a non-final decision by an administrative agency that is unripe for review by this Court. He further argues that Toochinda's termination renders the privileging decision moot, unless and until the State Personnel Board rules that Toochinda should not have been terminated.

The Receiver's motion is "properly before the court as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Where, as here, the jurisdictional issues and substantive issues on the merits are not "so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits," the court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine*, 704 F. 2d at 1077. In this case, the relevant facts are undisputed.

Toochinda's only response to the Receiver's motion is that the stay issued by this Court in *Plata* on May 23, 2008, should apply to his case, and that the Court should therefore stay the pending appeal of his termination before the State Personnel Board and decide whether he is entitled to review under the revised peer review procedures adopted in accord with the May 23, 2008 order. Toochinda, however, misinterprets the stay issued by this Court. The Court ordered that "all pending *privileging* proceedings involving CDCR physicians are stayed until the revised peer review policies are approved by the Court and implemented, provided that the physician under review agrees to waive the statute of

3

1  limitations that may otherwise prevent adverse action under California Government Code
2  section 19635." May 23, 2008 *Plata* Order at 17 (emphasis added). Under the then-existing
3  peer review policies, privileging and employment decisions involved two separate processes.
4  At the time of the Court's May 23, 2008 order, only Toochinda's employment proceedings
5  remained pending; his privileging proceedings had already concluded. The stay ordered by
6  the Court in *Plata* therefore did not apply to Toochinda's privileging proceedings.[3]

This interpretation of the Court's stay is supported by the amicus brief filed by the Union of American Physicians and Dentists ("UAPD"), in which the UAPD requested a stay. It was pursuant to the UAPD's unopposed request that the Court granted the stay, and the UAPD's brief makes clear that it sought to stay cases currently awaiting review before PPEC. UAPD May 22, 2007 Br. filed in *Plata*, at 6 (Case No. C01-1351 TEH, docket no. 679) (in requesting a stay of proceedings, noting that: "According to the Receiver's Motion, as of January 26, 2007, CDCR's PPEC had twenty-eight physicians awaiting review. It is unclear how many of these cases are still pending."). It is undisputed that PPEC concluded its review of Toochinda's case before the Court issued its May 23, 2008 order.

Toochinda also does not dispute that the revocation of his privileges is moot unless his employment is reinstated. Consequently, the Court concludes that it lacks subject matter jurisdiction to consider Toochinda's petition regarding his clinical privileges while his termination remains in effect.

//
//
//
//
//
//
//

---

[3] Moreover, Toochinda has neither waived nor offered to waive the statute of limitations under California Government Code section 19635.

4

**CONCLUSION**

For the reasons discussed above, the Court GRANTS the Receiver's motion to dismiss Toochinda's petition. Because the jurisdictional defects in the petition cannot be cured by amendment, dismissal is without leave to amend. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   01/09/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT